IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leo Vincent Poole,<br><br>        Plaintiff,<br><br>v.<br><br>Jack J. Joiner, *Warden Federal Correctional Institution Estill, South Carolina*; Hugh J. Hurwitz, *Director Federal Correctional Institution Estill, South Carolina*; Director J. Gordon, *Supervisory Correctional Systems Specialist Federal Correction Institution Estill, South Carolina*,<br><br>        Defendants. | C/A No. 6:23-cv-6927-SAL<br><br><br>**ORDER** |

  Plaintiff Leo Vincent Poole, proceeding pro se, filed this case pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), this case was referred to a magistrate judge for all pretrial proceedings. This matter is before the court on a Report and Recommendation (the "Report") issued by Magistrate Judge Kevin F. McDonald recommending that this action be dismissed with prejudice, without leave to amend, and without issuance and service of process. Although Plaintiff objects to the magistrate judge's recommendation, the court concludes this case should be summarily dismissed.

**BACKGROUND**

  As detailed in the Report, this is Plaintiff's second lawsuit raising claims that he was denied access to the detainer process. In March 2023, Plaintiff filed a case in this court making similar claims against Defendant J. Gordon. *See Poole v. Gordon*, 6:23-cv-1214-SAL, ECF No. 1. That

1

action was dismissed without prejudice for failure to state a claim, and Plaintiff did not object to the dismissal.

Plaintiff filed this action in December 2023. [ECF No. 1.] On March 20, 2024, the magistrate judge issued a Report recommending that Plaintiff's complaint be dismissed. [ECF No. 23.] Plaintiff moved to amend, and, out of an abundance of caution, the court granted that motion in July 2024. [ECF Nos. 30, 32.] Plaintiff eventually filed an amended complaint in January 2025. [ECF No. 48.]

On January 30, 2025, the magistrate judge issued a second Report recommending summary dismissal of Plaintiff's amended complaint. [ECF No. 57.] Plaintiff was advised of his right to file objections to the Report, and he did so on February 18, 2025. [ECF No. 59.]

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true grounds for the objection. (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). In the absence of specific objections to portions of the Report, this court is not required to provide an explanation for adopting the recommendation.

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. If no

specific objection has been made, this court is not required to explain its reasoning for adopting the recommendation.

Because the plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow the plaintiff to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Report details the relevant facts and applicable law, and the court incorporates that discussion without a full recitation. As noted, this is Plaintiff's second attempt to pursue claims against federal officials based on alleged denial of access to the detainer process. [ECF No. 57.] The court previously dismissed these claims for failure to state a claim. *Id.* at 1. In this action, Plaintiff names new defendants but continues to seek money damages for denial of access to the detainer process.

The claims are asserted under *Bivens*, which permits certain constitutional claims for damages against federal officials. *See* ECF No. 57 at 4. A *Bivens* claim is, in some respects, similar to a claim under 42 U.S.C. § 1983. But § 1983 does not allow for claims against federal officials since it pertains to persons acting under color of state law. *Bivens* is also much narrower in scope than § 1983. Indeed, the Supreme Court has recognized *Bivens* claims in only three contexts: (1) against federal agents for violations of the Fourth Amendment's prohibition against unreasonable searches and seizures; (2) under the Fifth Amendment's Due Process Clause for gender discrimination where a Congressman fired his female administrative assistant; and (3) under the

Eighth Amendment's Cruel and Unusual Punishment Clause against prison officials for failing to provide emergency medical care for an inmate's asthma. *See Bivens*, 403 U.S. 388; *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980). Otherwise, the Supreme Court has declined to further expand *Bivens*. *See Johnson v. Terry*, 119 F.4th 840, 847 (11th Cir. 2024) ("In the 44 years since *Carlson*, the Supreme Court has over and over again 'refused to extend Bivens to any new context or new category of defendants.'" (quoting *Ziglar v. Abbasi*, 582 U.S. 120 (2017))).

To determine whether a new *Bivens* claim can be recognized, courts follow a two-step process, first asking whether the case presents a new *Bivens* context and, if it does, then doing a special factors analysis to determine whether to extend *Bivens* to that context. *Ziglar*, 582 U.S. at 135–46. As explained in the Report, Plaintiff's claims differ meaningfully from those previously recognized, and the court finds that this case presents a new *Bivens* context. *See* ECF No. 57 at 5–6. *See Ziglar*, 582 U.S. at 139 ("If the case is different in a meaningful way from previous *Bivens* cases decided by this Court, then the context is new.").

Next, special factors counsel against extending *Bivens* to this new context. Congress, and not the court, would be better equipped to create a damages remedy for such claims. *See Egbert v. Boule*, 596 U.S. 482, 492–93 ("Even in a particular case, a court likely cannot predict the 'systemwide' consequences of recognizing a cause of action under *Bivens*. That uncertainty alone is a special factor that forecloses relief."). Thus, this case neither presents an established *Bivens* claim, nor does it warrant an expansion of *Bivens*. *Orellana v. Godec*, -- F.4th --, 2025 WL 2151596, at *7 (4th Cir. 2025) ("[T]he Supreme Court has repeatedly counseled against extending *Bivens* beyond the original case. Congress remains better suited to weigh the consequences of

extending *Bivens* into this new context; so we may not judicially extend it."). The magistrate judge thus recommends summary dismissal. The court agrees that disposition is appropriate.

In his objections, Plaintiff argues that "because the Interstate Agreement on Detainers is a compact among the states sanctioned by Congress under U.S. Constitution Art. I, § 10 cl. 3, it is a federal law whose violations may be remedied under 42 U.S.C § 1983. . . ." [ECF No. 59 at 2.] But, as explained above, § 1983, applies only to actions taken under color of state law and is not available against federal officials. *See Dist. of Columbia v. Carter*, 409 U.S. 418, 424 (1973) (explaining § 1983 is limited in scope and actions of federal officers are excluded). Accordingly, the court overrules Plaintiff's objections to the extent he argues his claims arise under § 1983.

Plaintiff further argues that because the Interstate Agreement on Detainers Act ("IADA") is sanctioned by Congress, it allows him to seek monetary damages through the courts, referring specifically to a 2019 case where a plaintiff was allowed to proceed with his procedural due process claim in which he sought monetary damages. *See* ECF No. 59 at 5 (citing *Gross v. Daniels*, 5:18-cv-00309-BSM-JJV, 2019 WL 2635707 (E.D. Ark. May 1, 2019)). But the cases Plaintiff relies upon are readily distinguishable from his own. For instance, some allow for IADA-based § 1983 claims against state officials. *See Gross*, 2019 WL 2635707. But Plaintiff's claims are different because he has named federal officials. Plaintiff also cites habeas corpus cases under 28 U.S.C. §2241, but he does not seek habeas relief. Because Plaintiff seeks damages from federal officials, his claims fall outside both § 1983 and *Bivens*. And the Supreme Court has recently reaffirmed that it is "disfavored" to recognize additional *Bivens* contexts. *See Goldey v. Fields*, 606 U.S. 942, 944 (2025) (declining to recognize Eighth Amendment excessive force claims under *Bivens*). Accordingly, the court declines to do so here. Plaintiff's objections are overruled.

5

## CONCLUSION

After thoroughly considering the objections, the Report, and the applicable law, the court overrules Plaintiff's objections to the Report and adopts the Report, ECF No. 57, in full. This case is **DISMISSED WITHOUT PREJUDICE**, without leave to amend,[1] and without issuance and service of process.[2] Additionally, Plaintiff's pending motion to rule, ECF No. 62, is **TERMINATED AS MOOT**.

IT IS SO ORDERED.

August 11, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[1] *See Britt v. DeJoy*, 49 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable").

[2] Plaintiff is hereby warned the dismissal of this case could be deemed a strike under the three-strikes rule by a district court in the future. *See Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023).